UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

| | |
|---|---|
| STEVE SACHS, Derivatively On Behalf of WAVE SYSTEMS CORP., | ) Civil Action No. 04-30032-MAP )  ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. MCCONNAUGHY, JR., | ) ) ) ) ) |
| Defendants, | ) ) |
| - and - | ) ) |
| WAVE SYSTEMS CORP., a Delaware corporation, | ) ) ) |
| Nominal Defendant. | ) |
| JEFF SWANSON, On Behalf of Nominal Defendant, Wave Systems, Corp. | ) ) Civil Action No. 04-30038-KPN ) |
| Plaintiff, | ) Civil Action No. 04-30044-MAP ) |
| v. | ) ) |
| STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER, and JOHN E. McCONNAUGHY, JR., | ) ) ) ) ) |
| Defendants, | ) ) |
| v. | ) ) |
| WAVE SYSTEMS CORP., | ) ) |
| Nominal Defendant. | ) ) |
| continued on following page] | ) ) |
| CHARLENE HARVEY, Derivatively On Behalf of WAVE SYSTEMS CORP., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |

2

| | |
|---|---|
| STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. MCCONNAUGHY, JR., | ) ) ) ) ) |
| Defendants, | ) ) |
| - and - | ) ) |
| WAVE SYSTEMS CORP., a Delaware corporation, | ) ) ) |
| Nominal Defendant. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS SACHS AND HARVEY'S MOTION TO CONSOLIDATE CASES AND APPOINT CO-LEAD AND LIAISON COUNSEL**

**I.   Introduction**

Pursuant to Federal Rule of Civil Procedure 42(a), plaintiffs Steve Sachs and Charlene Harvey ("Moving Plaintiffs"), each of whom is a shareholder of nominal defendant Wave Systems Corp. ("Wave Systems" or the "Company"), seek to consolidate the above-captioned shareholder derivative actions and all similar shareholder derivative actions involving nominal defendant Wave Systems pending in the District of Massachusetts. Moving Plaintiffs seek consolidation before Judge Michael A. Ponsor, before whom the first-filed action (*Sachs v. Sprague, et al.*, No. 04-30032-MAP) is pending. The shareholder derivative actions currently pending before the Court are:

| | Case Name | Date Action Filed | Case No. | Judge |
|---|---|---|---|---|
| | *Sachs v. Sprague, et al.* | 4/17/04 | No. 04-30032 | Michael A. Ponsor |
| | *Swanson v. Sprague, et al.* | 4/20/04 | No. 04-30038 | Kenneth P. Nieman |
| | *Harvey v. Sprague, et al.* | 4/24/04 | No. 04-30044 | Michael A. Ponsor |

On December 18, 2003, the defendants caused the Company to issue a press release in which it announced that the Securities and Exchange Commission was investigating certain

public statements made by Wave Systems in August 2003, as well as certain insider selling that occurred around the same time. Sachs Complaint, ¶5. All three complaints concern allegations that certain directors and officers of Wave Systems breached their fiduciary duties owed to Wave Systems by causing and/or allowing the Company to hide the following facts: (i) the Company's IBM announcement dated August 4, 2003 would result in no direct revenue to the Company; (ii) the Company's Intel announcement dated July 31, 2003 was actually immaterial and would not generate any revenue to the Company until 2004, if ever; (iii) the so-called Intel contract did not require Intel to purchase even one piece of software; and (iv) the number of Trusted Platform Module-enabled motherboards shipped over the course of 2003 and 2004 would be *de minimis*. Sachs Complaint, ¶6. As a result of the defendants' false statements, Wave Systems stock traded at inflated levels during the Relevant Period, increasing to as high as $4.53 per share on August 5, 2003, while the the Company's top officers and directors sold more than $1.5 million worth of their own shares. Sachs Complaint, ¶7.

By this motion, Moving Plaintiffs request that this Court: (1) consolidate all the actions; (2) appoint Robbins Umeda & Fink, LLP and Law Offices of Alfred G. Yates, Jr. as plaintiffs' Co-Lead Counsel to prosecute the consolidated action; and (3) appoint Robinson Donovan, P.C. as plaintiffs' Liaison Counsel. Counsel for Moving Plaintiffs Sachs and Harvey have met and agreed on the leadership structure for this case and have been successfully working together in directing the prosecution of their shareholder derivative actions. The Proposed Pretrial Order No. 1 establishes the leadership structure agreed to by these plaintiffs' counsel, provides for the coordination of service of notices and orders of this Court, the filing of a consolidated complaint and the consolidation of all future related actions. Thus, the Proposed Pretrial Order No. 1 will eliminate duplicative effort, coordinate plaintiffs and promote the efficient prosecution of this action.

4

## II. Consolidating All Related Actions Will Promote Judicial Economy

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is proper when actions involve common questions of law and fact and the court finds that consolidation would avoid unnecessary costs or delay. *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001). The rule is invoked "to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984). This District Court has the broad discretionary authority under Rule 42(a) to consolidate cases. *PRI*, 145 F. Supp. at 140; *Storlazzi v. Bakey*, 894 F. Supp. 494, 499 (D. Mass. 1995), *aff'd*, 68 F.3d 455 (1st Cir. 1995).

The purpose of consolidation is judicial economy, efficiency and conservation of the parties' financial resources. Consolidation inures to the benefit of all parties involved in the various actions and this procedure has been frequently utilized in complex multi-party actions. Consolidation of the shareholder derivative actions here

> would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself. It would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation. ***In fact serious prejudice could result to the parties from a failure to consolidate.***

*Fields v. Wolfson*, 41 F.R.D. 329, 329 (S.D.N.Y. 1967) (emphasis added).

In a similar situation where there were substantially identical actions ultimately filed, the court stated:

> The circumstances ... demonstrate beyond question that this is an appropriate case for the Court's exercise of its power to consolidate the actions. The claims

5

> asserted by each of the plaintiffs are substantially identical, being based on the same facts and circumstances and asserted against the same defendants.

*Id.* Pursuant to Rule 42(a), all that is required is that the actions involved "a common question of law or fact." Therefore consolidation of subsequently filed related actions should be granted.

Rule 42(a) is used as "a valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus. Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031 (1996). Courts have recognized that consolidating multi-party complex litigation during the pretrial stages pursuant to Rule 42 of the Federal Rules of Civil Procedure benefits both the court and the parties by expediting pretrial proceedings, avoiding duplication, avoiding harassment of parties and witnesses, and minimizing the expenditure of time and money by all persons concerned. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied*, 460 U.S. 1102 (1983)); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958).

Consolidation promotes trial convenience and economy in administration. Toward this end, Rule 42(a) specifically confers the authority to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." An order consolidating actions during the pretrial stages, together with the appointment of a structure for counsel may in many instances prove the only effective means of channeling the effort of counsel along constructive lines. *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977) (citing *MacAlister*, 263 F.2d 65 (2d Cir. 1958)). Moreover, consolidating multiple related actions streamlines and simplifies pretrial motions, discovery management, and clerical and administrative management, and generally reduces confusion and delay that would be brought by prosecuting related cases of this nature separately. *Id.* Since the shareholder derivative actions currently pending before this Court present virtually identical factual and legal issues, involve same defendants and will involve the same discovery, consolidation is appropriate.

6

### III. This Court Should Appoint a Leadership Structure of Plaintiffs' Counsel

In complex cases such as this one, it is well established that the court may appoint a leadership structure of plaintiffs' counsel to coordinate the prosecution of complex litigation. *In re Benedectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977); *Air Crash Disaster*, 549 F.2d at 1014-15. Likewise, the utility in appointing lead counsel in complex actions such as this one is well recognized. As stated by one court:

> The benefits achieved by consolidation and the appointment of general counsel, *i.e.*, elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation. The advantages of this procedure should not be denied litigants in the federal courts because of misapplied notions concerning interference with a party's right to his own counsel.

*MacAlister*, 263 F.2d at 69. In addition, the *Manual for Complex Litigation, Third* ("MCL 3d") recognizes the benefits of promptly appointing a leadership structure of plaintiffs' counsel in complex multi-party litigation. *See* MCL 3d §§20.22, 20.221; *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2001 WL 492407, *3 (D. Me. May 8, 2001).

The Proposed Pretrial Order No. 1 would appoint Brian J. Robbins of Robbins Umeda & Fink, LLP, and Alfred G. Yates, Jr. of Law Offices of Alfred G. Yates, Jr. as plaintiffs' Co-Lead Counsel. The Proposed Pretrial Order No. 1 would also appoint Keith A. Minoff of Robinson Donovan, P.C. as Liaison Counsel. Appointment of the proposed plaintiffs' leadership structure will serve to efficiently coordinate all plaintiffs' common interests in prosecuting the case, while streamlining the proceedings and avoiding duplicative and unproductive effort. *See* Declaration of Jeffrey P. Fink in Support of Plaintiffs Sachs' and Harveys' Motion to Consolidate Cases and Appoint Co-Lead Counsel filed concurrently herewith. Counsel for plaintiffs Sachs and Harvey have met and agreed to the proposed leadership structure. *Id.* at ¶4.

The proposed plaintiffs' Co-Lead Counsel are highly competent and have extensive experience in prosecuting shareholder derivative actions. *Id.* at ¶5. These attorneys have a proven record of providing skilled and efficient case management in complex actions of this nature. *Id.* These attorneys have also worked together on previous matters, and are supported by other plaintiffs' counsel who have joined in this motion. *Id.* In fact, the proposed leadership structure brings a wide array of talents to this litigation including: experienced complex litigation counsel and experienced Springfield-based counsel. *Id.*

**IV.    The Court Should Enter Pretrial Order No. 1**

In order to avoid confusion, delay and duplication of effort which may result from such multiplicity of suits, plaintiffs Sachs and Harvey request entry of Proposed Pretrial Order No. 1 which will result in the efficient and coordinated prosecution for the benefit of plaintiffs and Wave Systems. Proposed Pretrial Order No. 1 appoints a leadership structure of plaintiffs' counsel and gives them authority to efficiently manage this complex action on behalf of plaintiffs.

Additionally, the proposed consolidated complaint to be filed with the Court will promote the expeditious resolution of pleading matters, since any motions directed at the pleadings will be heard on a single hearing date to be set by the Court and will relate to only one set of pleadings. Such procedures will not only simplify the presentation of any issues desired to be raised by the defendants concerning the sufficiency of the complaint, but will also avoid duplicative motions and hearings and unnecessary delay in the resolution of such issues. Entry of the Proposed Pretrial Order No. 1 will assist the Court by providing for the orderly, cost effective and timely prosecution of all related actions. Plaintiffs Sachs and Harvey therefore request that the Court approve and enter the Proposed Pretrial Order No. 1.

8

## V.  Conclusion

In the interests of judicial economy and for the reasons set forth above, plaintiffs Sachs and Harvey respectfully request that the Court order consolidation of all present and subsequently filed related actions, appoint the proposed leadership structure of plaintiffs' counsel and enter the Proposed Pretrial Order No. 1.

DATED: March 17, 2004

Respectfully submitted,

THE PLAINTIFFS
STEVE SACHS AND CHARLENE HARVEY,
Derivatively on behalf of
WAVE SYSTEMS CORP.

By: _____
KEITH A. MINOFF
ROBINSON DONOVAN, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
Telephone: 413/732-2301
Facsimile: 413/785-4658
BBO No. 551536

[Proposed] Liaison Counsel for Plaintiffs

BRIAN J. ROBBINS
JEFFREY P. FINK
ROBBINS UMEDA & FINK, LLP
1010 Second Ave., Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

ALFRED G. YATES, JR.
LAW OFFICES OF ALFRED G. YATES, JR.
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: 800/391-5164
Facsimile: 412/471-1033

[Proposed] Lead Counsel for Plaintiffs
FARUQI & FARUQI, LLP

NADEEM FARUQI
320 East 39th Street
New York, NY 10016
Telephone: 212/983-9330
Facsimile: 212/983-9331

Attorneys for Plaintiff Harvey

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 3/18/04