SCANNED

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVE SACHS, Derivatively On Behalf of WAVE SYSTEMS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. MCCONNAUGHY, JR., <br><br> Defendants, <br><br> - and - <br><br> WAVE SYSTEMS CORP., a Delaware corporation, <br><br> Nominal Defendant. | ) Civil Action No. 04-30032-MAP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| JEFF SWANSON, On Behalf of Nominal Defendant, Wave Systems, Corp. <br><br> Plaintiff, <br><br> v. <br><br> STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER, and JOHN E. McCONNAUGHY, JR., <br><br> Defendants, <br><br> v. <br><br> WAVE SYSTEMS CORP., <br><br> Nominal Defendant. | ) Civil Action No. 04-30038-KPN <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

[Caption continued on following page]

| | |
|---|---|
| CHARLENE HARVEY, Derivatively On Behalf of WAVE SYSTEMS CORP., <br><br>                Plaintiff, <br><br>vs. <br><br>STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. MCCONNAUGHY, JR., <br><br>                Defendants, <br><br>  - and - <br><br>WAVE SYSTEMS CORP., a Delaware corporation, <br><br>                Nominal Defendant. | Civil Action No. 04-30044-MAP |

**DECLARATION OF JEFFREY P. FINK IN SUPPORT OF PLAINTIFF SACHS AND HARVEY'S MOTION TO CONSOLIDATE CASES AND APPOINT CO-LEAD AND LIAISON COUNSEL**

1

I, JEFFREY P. FINK, declare as follows:

1. I am an attorney duly licensed to practice before the United States District Courts for the Southern, Central and Northern Districts of California and have been admitted *pro hac vice* in the United States District Court for the District of Massachusetts. I am an attorney with the law firm of Robbins Umeda & Fink, LLP, one of the counsel of record for plaintiff Steve Sachs in *Sachs v. Sprague, et al.* I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. The following is a list of all related shareholder derivative actions, brought on behalf of Wave Systems Corp. ("Wave Systems" or the "Company") currently pending in the District of Massachusetts:

| Case Name | Date Action Filed | Case No. | Judge |
|---|---|---|---|
| *Sachs v. Sprague, et al.* | 4/17/04 | No. 04-30032 | Michael A. Ponsor |
| *Swanson v. Sprague, et al.* | 4/20/04 | No. 04-30038 | Kenneth P. Nieman |
| *Harvey v. Sprague, et al.* | 4/24/04 | No. 04-30044 | Michael A. Ponsor |

A copy of each complaint is attached hereto as Exhibits A, B and C, respectively.

3. Consolidating the shareholder derivative actions for all purposes will promote judicial economy and simplify the discovery process for all persons involved in the actions. Each of these lawsuits concerns substantially identical legal and factual issues. The lawsuits concern allegations that certain directors and officers of Wave Systems breached their fiduciary duties owed to Wave Systems by causing and/or allowing the Company to hide the following facts: (i) the Company's IBM announcement dated August 4, 2003 would result in no direct revenue to the Company; (ii) the Company's Intel announcement dated July 31, 2003 was actually immaterial and would not generate any revenue to the Company until 2004, if ever; (iii) the so-called Intel contract did not require Intel to purchase even one piece of software; and (iv) the number of Trusted Platform Module-enabled motherboards shipped over the course of 2003 and 2004 would be *de minimis*. Defendants' misconduct, *inter alia*: has caused severe, irreparable, injury and damages to the Company, particularly to its reputation and goodwill in the investment and business community; has subjected the Company to an investigation by the Securities Exchange Commission; and has virtually

2

destroyed this once valuable franchise. The defendants in each of these actions are identical. All of the legal and factual issues, witnesses and documents which will be relevant in one case will in all likelihood be relevant in each of the others.

4. Counsel for plaintiffs Sachs and Harvey have conferred at length concerning the organization of plaintiffs' counsel and the other terms of the Proposed Pretrial Order No. 1. Proposed Pretrial Order No. 1 reflects the consensus and agreement of counsel for plaintiffs Sachs and Harvey and is based upon their collective substantial experience in handling the prosecution of complex derivative actions involving multiple plaintiffs and law firms. These parties have agreed among themselves to the proposed leadership structure for plaintiffs' counsel as contemplated by the *Manual for Complex Litigation, Third*.

5. Thus, plaintiffs request that this Court appoint Robbins Umeda & Fink, LLP, and Law Offices of Alfred G. Yates, Jr. as plaintiffs' Co-Lead Counsel to prosecute the consolidated action. Plaintiffs further request that this Court appoint Robinson Donovan, P.C. as plaintiffs' Liaison counsel. These counsel have worked together in a productive and coordinated fashion in this litigation and in other matters and have significant experience in leadership roles in similar litigation and are supported by other plaintiffs' counsel who have joined in this motion. Specifically, I have litigated several similar derivative actions where my firm has been appointed lead counsel. Alfred G. Yates has successfully litigated several complex litigation matters, including numerous derivative actions where his firm has been appointed as lead counsel. Robinson Donovan, P.C. has tried numerous cases and successfully litigated numerous complex litigation matters in this District and this state. For a more detailed description of the qualifications and experience of counsel making this Motion, I attach copies of the firm resumes for all counsel supporting this Motion as Exhibits D through G.

6. In sum, plaintiffs Sachs and Harvey have agreed to consolidate their cases, will file a verified consolidated derivative complaint and seek appointment of the proposed counsel leadership structure. Such consolidation and appointment will facilitate the litigation of these related actions and simplify the proceedings to the benefit of all parties as well as the Court.

3

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of March, 2004, at San Diego, California.

_____
JEFFREY P. FINK