UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

| | |
|---|---|
| STEVE SACHS, Derivatively On Behalf of WAVE SYSTEMS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. MCCONNAUGHY, JR., <br><br> Defendants, <br><br> - and - <br><br> WAVE SYSTEMS CORP., a Delaware corporation, <br><br> Nominal Defendant. | Civil Action No. 04-30032-MAP |
| JEFF SWANSON, On Behalf of Nominal Defendant, Wave Systems, Corp. <br><br> Plaintiff, <br><br> v. <br><br> STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER, and JOHN E. McCONNAUGHY, JR., <br><br> Defendants, <br><br> v. <br><br> WAVE SYSTEMS CORP., <br><br> Nominal Defendant. | Civil Action No. 04-30038-MAP |

continued on following page]

| | |
|---|---|
| CHARLENE HARVEY, Derivatively On Behalf of WAVE SYSTEMS CORP., </br></br>Plaintiff, </br></br>vs. </br></br>STEVEN SPRAGUE, GERARD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. MCCONNAUGHY, JR., </br></br>Defendants, </br></br>- and - </br></br>WAVE SYSTEMS CORP., a Delaware corporation, </br></br>Nominal Defendant. | Civil Action No. 04-30044-MAP |

# PLAINTIFF JEFF SWANSON'S

## (1) OPPOSITION TO PLAINTIFFS SACHS AND HARVEY'S MOTION TO CONSOLIDATE CASES AND APPOINT CO-LEAD AND LIAISON COUNSEL; AND

## (2) CROSS-MOTION TO CONSOLIDATE CASES AND <u>APPOINT LEAD AND LIAISON COUNSEL</u>

Plaintiff Jeff Swanson ("Swanson"), plaintiff in the action styled *Swanson v. Sprague, et al.*, Civil Action No. 04-30038 (the "*Swanson* action") submits this combined (1) Opposition to Plaintiffs Sachs and Harvey's Motion to Consolidate Cases and Appoint Co-Lead and Liaison Counsel, and (2) Cross-Motion to Consolidate Cases and Appoint Federman & Sherwood ("F&S") as Lead Derivative Counsel and the Law Office of Alan L. Kovacs, P.C. ("Kovacs") as Liaison Counsel.

## I.   The Pending Derivative Actions Should Be Consolidated

The shareholder derivative actions currently pending before the Court are:[1]

| Case Name | Date Filed | Case No. | Judge |
|---|---|---|---|
| *Sachs v. Sprague, et al.* | 02/17/2004 | No. 04-30032 | Michael A. Posner |
| *Swanson v. Sprague, et al.* | 02/19/2004 | No. 04-30038 | Michael A. Posner |
| *Harvey v. Sprague, et al.* | 02/24/2004 | No. 04-30044 | Michael A. Posner |

Each of these actions have been brought as shareholder derivative actions against substantially similar defendants and allege substantially similar claims. As such, all the parties agree they should be consolidated.

The aforementioned derivative actions were all filed within one week of each other. No Answers have been filed by the individual defendants or the nominal defendant, Wave Systems Corp. ("Wave Systems"). The allegations of the three actions and the relief sought are substantially similar. The actions were brought in the right, and for the benefit of, nominal defendant Wave Systems against the individual defendants for their breaches of fiduciary duties through intentional misconduct, abdication of their duties of oversight of the Company and/or gross mismanagement and other violations of law.

All three actions allege that the individual defendants exposed Wave Systems to severe liability (and the expenditure of a tremendous amount of attorney fees and costs as well as diminution in shareholder value) as a result of being named as a defendant in

---

[1] In their haste to be appointed "Lead" Plaintiffs, Plaintiffs Sachs and Harvey, in their Motion, incorrectly state that these cases were filed during a period from April 17-24 of this year; days which currently lie in the future. They have also listed the incorrect presiding judge of the *Swanson* action. On March 1, 2004, the *Swanson* action was reassigned to Judge Posner.

3

numerous securities fraud actions based on a disclosure on December 18, 2003. On that date, Wave Systems announced that the Securities and Exchange Commission had commenced a formal investigation into certain matters relating to Wave Systems. The SEC's investigative order, received by Wave Systems on December 17, 2003, related to certain public statements made by Wave Systems during and around August 2003, as well as certain trading in Wave Systems' securities during such time. News of this shocked the financial market. Shares of Wave Systems fell 17.13%, or $0.31 per share, to close at $1.50 per share on extremely high volume on December 19, 2003.

## II.     Plaintiffs Sachs and Harvey's Proposed Leadership Structure Should not be Implemented

Plaintiffs Sachs and Harvey request the appointment of Robbins Umeda & Fink, LLP and the Law Offices of Alfred G. Yates, Jr. as plaintiffs' Co-Lead Counsel. The attorneys at the law firm of Robbins Umeda & Fink have no trial experience and no attorney with more than six years of experience. Furthermore, the "senior" partner of Robbins Umeda & Fink only has five years of experience. Its "senior" associates' experience as lawyers range from less than one year to less than three years.

There are also unanswered questions about the leadership structure proposed by Plaintiffs Sachs and Harvey, the proposed co-lead counsel are the firms of Robbins Umeda & Fink, LLP (which has five lawyers) and the Law Offices of Alfred G. Yates, Jr. (which has three lawyers). However, the law firm of Faruqi & Faruqi, LLP is listed as co-counsel for Plaintiff Harvey, yet the proposed leadership structure provides no explanation as to why it has been dropped or how the case will be prosecuted among these three firms. For example, the proposed co-lead counsel have not indicated that Faruqi & Faruqi will not perform work in the matter, or whether it will be compensated

4

from any recovery. Should the firms not included as co-lead counsel perform work in this case, then the shareholders will be burdened with additional expenses and fees incurred in the prosecution of these actions.[2]

Finally, counsel for Plaintiffs Sachs and Harvey have indicated that they have consulted with each other in this matter, and will work well with each other. Interestingly, neither firm has contacted counsel for Swanson, the only law firm with meaningful trial experience, regarding structure for Plaintiffs' counsel in these derivative actions.

### III. The Court Should Appoint F&S as Lead Derivative Counsel And Kovacs as Liaison Derivative Counsel

Plaintiff Swanson respectfully submits that the Court should appoint F&S as Lead Derivative Counsel and Kovacs as Liaison Derivative Counsel. The utility in appointing a counsel structure in derivative suits such as these is well recognized. *See, e.g., In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977). As stated by one court, consolidation and the appointment of lead counsel is appropriate in derivative litigation.

> The purpose of consolidation is to permit trial convenience and economy in administration…. [O]verlapping duplication in motion practices and pre-trial procedures occasioned by competing counsel representing different plaintiffs in separate stockholder derivative actions constitute the waste and inefficiency sought to be avoided by the lucid direction contained in the rule. Special treatment is often called for in stockholders' derivative actions where the stockholder sues, not in his own right, but in that of the corporation and on behalf of his fellow stockholders. Often many such suits by other stockholders are brought, attacking the same transactions.

---

[2] Swanson would also note that the firms of Robbins Umeda & Fink and Faruqi & Faruqi have both made appearances in derivative actions filed in the United States District Court for the Northern District of Georgia on behalf of Nominal Defendant Friedman's Inc. In these actions, these firms have proposed a leadership structure of Faruqi & Faruqi as one of the Co-Lead Counsel. It appears that these firms have colluded to divide these two actions amongst themselves, supporting positions as "lead" counsel for their own benefit.

5

> The cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought. An order consolidating such actions during the pre-trial states, ***together with the appointment of a general counsel may in many instances prove the only effective means of channeling the efforts of counsel along constructive lines*** and its implementation must be considered within the clear contemplation of the rule.

*MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958).

The *Manual for Complex Litigation* recognizes the benefits of appointing lead counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and conducts witness examinations, may result in waste of time and money, in confusion and indirection, and in unnecessary burden on the court. Special procedures for coordination of counsel are therefore needed and should be instituted early in the litigation to avoid unnecessary costs and duplicative activity.

*Manual for Complex Litigation (Third)* §20.22, at 30 (1995). Along these lines, the Fifth Circuit explicitly recognizes the propriety of appointing lead counsel. In *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1997), the Fifth Circuit explained that "[a] trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' … Managerial power is not merely desirable. It is a critical necessity." *Id*. At 1012. It is therefore "not open to serious question that a federal court in a complex, consolidated case may designate one attorney or set of attorneys to handle pre-trial activity on aspects of the case where the interests of all co-parties coincide." *Id*. at 1014.

The criteria for selecting counsel are succinctly set forth in *Newberg on Class Actions*, which states that the relevant factors "include experience and prior success

6

record, the number, size, and extent of involvement of represented litigants, the advanced states of proceedings in a particular suit, and the nature of the causes of action alleged." Herbert B. Newberg and Alba Conte, *Newberg on Class Actions* §9.35, at 9-97 (3d ed. 1992) (footnote omitted). *See Rich v. Reisini*, 25 A.D.2d 32, 34 (N.Y. App. Div. 1966) ("the selection of a general counsel from the several attorneys who brought the [derivative] actions which have been consolidated … rests in the sound discretion of the court"). These factors weigh in favor of the appointment requested herein.

Appointing F&S as plaintiffs' Lead Derivative Counsel and Kovacs as Liaison Derivative Counsel in the related derivative actions will ensure an orderly and efficient prosecution of the actions. As explained in this memorandum, both F&S and Kovacs have extensive trial experience and experience in prosecuting complex actions, including other derivative and securities actions, consumer fraud and general business litigation. F&S has been recognized by many courts for the quality of their representation, and have demonstrated their ability to serve in a lead role, most recently as co-lead counsel in the derivative action involving Computer Associates International, Inc. (E.D. N.Y., Case No. CV-03-4199, Platt.J.)

Computer Associates is particularly instructive of the importance that a derivative action can play in redefining and enforcing corporate governance changes. The significant and far-reaching corporate governance reforms achieved by F&S on behalf of shareholders ensured that Computer Associates and its officers and directors made accurate, timely disclosure of information to its shareholders and the market. The derivative action also led to the resignation of three financial officers of Computer

Associates, including its CFO, and a restructuring of the Board of Directors. In fact, several analysts raised their ratings on Computer Associates, and in doing so specifically referenced the derivative settlement. One news article specifically noted that "the governance issues were key because the monetary part of the [securities action] settlement . . . is considered very small for a company its size." "Shareholder Reforms with Lawsuit," Krantz, M., USA Today.

This experience, particularly the two law firms' actual trial experience and the common factual nucleus between the related derivative actions, as well as the complex nature of these cases, support the requested appointment.

### A.   F&S and Kovacs Have Demonstrated Their Significant Involvement in Prosecuting This Action

F&S and Kovacs have already demonstrated their commitment to prosecuting this action. Since the outset of Wave Systems' fall-out, F&S and Kovacs, through their attorneys and accountants, have been investigating Wave Systems' conduct and the actions and interestedness of its board of directors. F&S and Kovacs' diligence alone supports their appointment as lead derivative and liaison derivative counsel. Indeed, it is a necessary given that defendants have retained experienced defense counsel and have substantial resources with which to defend the case. Therefore, it is of vital important that the Lead Derivative Counsel be of the highest possible caliber with resources available to fund the prosecution of this action. F&S has established an expense budget of $80,000.00 to conduct additional background investigations and retain experts. This demonstrates F&S's ability and willingness to fully prosecute this matter and its commitment to the case. This $80,000 is merely a starting figure for

8

initial expenses, and is not intended as the aggregate budget and shows counsel's commitment in prosecuting this action.

### B.  F&S and Kovacs Have Extensive Experience in Trial Work and Complex Litigation

The case management structure proposed by Plaintiff Swanson is designed to be streamlined and highly experienced in trial work and complex litigation.  In addition to being a Martindale Hubbell "AV" rated law firm, members of F&S have broad experience in shareholder derivative litigation and have represented shareholders in class and derivative actions for over 20 years.  In addition to representing plaintiffs, F&S attorneys have over 20 years of trial experience representing plaintiffs and defendants in securities actions as well as in other types of complex litigation.  Messrs. Federman, Sherwood and Heggy of F&S have a combined experience of over 60 years of trial and litigation experience (representing both plaintiffs and defendants) in various state and federal courts.[3]  The firm has substantial litigation support staff consisting of forensic accountants, paralegals and document clerks.  F&S has been appointed Lead (class and derivative) Counsel in numerous securities actions pending in state and federal courts nationwide and has provided highly effective case management and guidance as Lead, Co-Lead and Liaison Counsel in many derivative and other complex litigation.

F&S has both trial and litigation resources and has demonstrated its capabilities in litigation of this type well beyond that of other law firms that have filed derivative actions against Wave Systems.  Attorneys with F&S include a wide and in depth background in the financial and securities markets, including attorneys who are CPA's, accountants and members of the Securities Industry Association.

---

[3] A list of F&S's and Kovac's specific trial experience will be provided to the Court upon request.

Kovacs is equally qualified to serve as Liaison Counsel in this action. Kovacs is also a Martindale AV rated law firm with trial experience in this and other federal and state courts in Massachusetts.

F&S and Kovacs' diligent investigation and close coordination will allow them to timely file a Consolidated Derivative Action within thirty (30) days of their appointment as Lead Derivative and Liaison Derivative Counsel. They are the best qualified firms to coordinate the efforts of counsel in this case, and are capable of guiding this complex action to the best possible result for Wave Systems and its shareholders. By appointing F&S as Lead Derivative Counsel and Kovacs as Liaison Derivative Counsel, the Court will ensure the highest caliber representation for nominal defendant Wave Systems and its public shareholders, and will assure that their interests are vigorously represented and that this litigation will proceed in an efficient, orderly manner.

### IV. An Evidentiary Hearing Should be Held on these Issues

Finally, counsel for Plaintiff Swanson requests an evidentiary hearing and oral arguments on the issue of the consolidation of the Wave Systems shareholder derivative suits and the appointment of Lead and Liaison Counsel for the consolidated action. This would allow the Court to fully explore the Plaintiffs' commitment to the case, the qualifications of the lawyers competing for lead counsel, including their ability and willingness to try complicated cases, and to make a fully informed determination of which Plaintiffs and which law firm(s) to appoint to prosecute the derivative case.

### V. Conclusion

For the foregoing reasons, Plaintiff Jeff Swanson respectfully requests that this Court Appoint him as a Lead Plaintiff and Federman & Sherwood as Lead Derivative

Counsel and the Law Firm of Alan L. Kovacs as Liaison Derivative Counsel, and to Consolidate the Related Derivative Actions. Plaintiff Swanson further requests an evidentiary hearing on these issues.

| | |
|---|---|
| DATED: April 1, 2004. | Respectfully submitted, |
| | /s/ Alan L. Kovacs |

_____
Alan L. Kovacs (BBO No. 278240)
LAW OFFICE OF ALAN L. KOVACS
2001 Beacon Street, Suite 106
Boston, MA 02135
Phone: (617) 964-1177
Fax: (617) 332-1223

**Proposed Liaison Derivative Counsel**

and

William B. Federman
FEDERMAN & SHERWOOD
120 N. Robinson, Suite 2720
Oklahoma City, OK  73102
Phone: (405) 235-1560
Fax: (405) 239-2112
    and
2926 Maple Ave., Suite 200
Dallas, TX  75201

**Proposed Lead Derivative Counsel**

## CERTIFICATE OF SERVICE

This certifies that true and correct copies of the above and foregoing were delivered electronically and via facsimile on April 1, 2004 to the following.

Keith A. Minoff
ROBINSON DONOVAN, P.C.
1500 Main Street, Suite 1600
Springfield, MA  01115
Fax: 413-785-4658
**Attorneys for Steve Sachs and Charlene Harvey**

Brian J. Robbins
Jeffrey Fink
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue
Suite 2360
San Diego, CA 92101
Fax: 619-525-3991
**Attorneys for Steve Sachs**

Alfred G. Yates, Jr.
LAW OFFICES OF ALFRED G. YATES, JR.
519 Allegheny Building
429 Forbes Ave.
Pittsburgh, PA  15219
Fax: 4112-471-1033

Nadeem Faruqi
FARUQI & FARUQI, LLP
320 East 39th Street
New York, NY 10016
Fax: 212-983-9331
**Attorneys for Charlene Harvey**

Robert A. Buhlman
Eunice E. Lee
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Fax: 617-951-8736
**Attorneys for Defendants and Wave Systems, Corp.**


                 /s/ Alan L. Kovacs
                 Alan L. Kovacs (BBO #278240)