

### Settlement of Hanover Shareholder Litigation

View a Summary of the most significant corporate governance changes achieved through this lawsuit.

View the complaint filed against Hanover Compressor:

**PRESS RELEASE**

**SETTLEMENT OF HANOVER SHAREHOLDER LITIGATION PRODUCES UNPRECEDENTED CORPORATE GOVERNANCE REFORMS & RECOVERY OF MORE THAN $80 MILLION FOR INVESTORS**

**Sweeping Boardroom Changes at Energy Company are Latest in Growing Trend**

The settlement of shareholder litigation involving Houston-based Hanover Compressor Company announced today contains groundbreaking reforms which add to the recent trend of shareholders demanding and obtaining more accountability from corporate boardrooms through shareholder litigation.

The Hanover settlement represents the first time a class action has resulted in shareholders getting the power to fill board of directors' seats. It is also the first time a company has agreed to rotate its outside audit firm as part of a resolution of a shareholder class action.

The corporate governance reforms obtained by shareholders in the Hanover settlement provide for the implementation of a package of board reforms that extend far beyond the changes Congress enacted in the Sarbanes-Oxley bill last year in the wake of widespread corporate scandals. These shareholder reforms are tailored to increasing the independence of board members from executive officers, curbing executives' influence over the Compensation and Auditing Committees and eliminating the inevitable problems arising fron an entrenched auditing firm or an auditing firm that also provides extensive non-tax consulting services to the company. And, unlike the Congressional reforms, the shareholder reforms at Hanover will begin to be implemented immediately.

"We've entered a new era in American history where corporate reforms can be achieved not only through legislation or federal regulation but through binding legal agreements," said Robert Monks, pioneer in corporate governance and reform and the founder of LENS Governance Advisors, Institutional Shareholder Services and the Corporate Library. "If

companies want to restore the confidence of their public investors, they should look at these reforms as a model."

"Investors across the country are taking back the boardrooms that are rightfully theirs. This agreement represents the latest victory for shareholders in remedying the excesses of the late 90's and is an example of an important trend - there's no turning back now," said William Lerach, an attorney for the plaintiffs and partner with Milberg Weiss Bershad Hynes & Lerach LLP.

Mr. Monks added, "We're at the tail end of proxy voting season and shareholders haven't seen much contrition from executives and board members. I am not aware of any annual meeting this season where executives were enthusiastic about hearing or supporting shareholder resolutions aimed at voluntarily improving corporate governance. When management will not respond to owners' concerns, shareholders have little choice but to seek and vigorously prosecute their rights via litigation."

The securities class action settlement provides for a recovery of more than $80 million in cash, stock and debt for those who suffered damage from the purchase of Hanover securities at inflated levels at a time when Hanover and its former senior insiders were disseminating false financial statements to investors. This settlement, if approved by the Court, will be one of the top twenty largest securities class action recoveries ever. The settlement includes a contribution of approximately $20 million from a large shareholder affiliated with former senior insiders who lead plaintiffs asserted had engaged in illegal insider trading.

The securities action, led by five institutional and individual lead plaintiffs, alleged that defendants engaged in insider trading while causing Hanover to improperly report revenues and manipulate the value of its stock through "sham" transactions, which were similar to the now infamous off-the-books SPE deals used by Enron. Hanover restated its financial results in 2002 to correct the accounting misstatements contained in Hanover's 1999, 2000 and 2001 financial statements.

Although many large companies in the energy services sector remain embroiled in lawsuits arising out of the manipulation of the California energy market and/or engaging in "roundtrip" transactions which pervaded the industry over the last 5 years, Hanover's current management is to be commended for expending substantial effort in an attempt to craft a fair remedy for shareholders. This settlement provides a substantial recovery to investors and implements important governance changes which should provide ongoing benefits to both Hanover and its shareholders.

Litigation pending in the U.S. District Court for the Southern District of Texas will continue against Hanover's accounting firm PricewaterhouseCoopers, which has been charged with engaging in illegal accounting practices that inflated Hanover's stock price, and which is not part of this settlement.

The terms of settlement provide for an array of corporate governance enhancements by, among other things, mandating that two-thirds of the board members be truly independent and defining "independence" to eliminate cronyism between the board and top executives. Continuing the developing trend toward enhanced board independence, the proposed settlement also requires all members of the Compensation Committee, Audit Committee and Nomination Committee to be independent. It also requires an independent chairman or a lead independent director who will be responsible for coordinating the activities of the

independent directors, including authority to set agenda items, to schedule board meetings and to retain counsel and consultants.

In another major reform, Hanover insiders will be prohibited from selling personal stock any time the company is using company funds to buy back stock in the market. Also, the implementation of new executive option plans and the repricing of existing stock options wil first require approval by Hanover's shareholders – a major step forward.

The settlement also imposes restrictions on Hanover's directors and officers concerning accelerated vesting of their stock options and prohibits the use of derivative transactions to conceal insider stock sales.

"Institutional investors remain concerned as restatements have continued to rise in the past 8 months since executives were required [by Sarbanes-Oxley] to certify their financial statements," said Darren Robbins, an attorney for the plaintiffs and partner at Milberg Weiss Bershad Lerach LLP. "These unprecedented reforms at Hanover raise the bar for corporate governance and provide further evidence that shareholder-led litigation is an important vehicle to achieve governance reform."

**Biographies:**

William S. Lerach
Senior Partner, Milberg Weiss

Darren J. Robbins
Partner, Milberg Weiss

Robert A. G. Monks
Founder, LENS Governance Advisors, Institutional Shareholder Services and the Corporate Library

Richard A. Bennett
Governance Advisor, Lens Governance Advisors, P.A.

Copyright © 2003, Milberg Weiss Bershad Hynes & Lerach LLP    Site Map  |  Privac