## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVE SACHS, | ) Lead Civil Action No. 04-30032-MAP |
| | ) |
| Plaintiff, | ) Consolidated with 04-30038-MAP |
| | ) 04-30044-MAP |
| v. | ) |
| | ) |
| STEVEN SPRAGUE, et al, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER TO STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C)

### INTRODUCTION

Nominal Defendant Wave Systems, Inc. ("Wave Systems" or the "Company") and the Individual Defendants (collectively, the "Defendants") request a protective order from this Court to stay all discovery in the Derivative Plaintiffs' case. Derivative Plaintiffs' amended complaint is due to be filed October 21, 2004. Defendants' arguments to stay *all* discovery are flawed for two fundamental reasons: (1) Defendants' request to stay pre-complaint demand futility discovery pursuant to Fed. Civ. P. 23.1 will be rendered moot by the filing of Derivative Plaintiffs' amended complaint; and (2) Defendants' request for an automatic stay pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") does not apply to Derivative Plaintiffs' litigation. Thus, Defendants' motion must be denied.

**ARGUMENT**

I.   **The Filing of Derivative Plaintiffs' Amended Complaint Will Moot
     Defendants' Request for a Stay of All Discovery Pursuant to Fed. R. Civ. P.
     23.1**

Defendants request this Court to stay all discovery pursuant to Fed. R. Civ. P. 23.1

by arguing Derivative Plaintiffs are not allowed pre-complaint discovery in order to plead

demand futility.[1]  Defs. Mem at 3.   Apparently Defendants base their argument on the

averments of the *Sachs* complaint.   However as Defendants are well aware, Derivative

Plaintiffs are currently scheduled to file their amended complaint on October 21, 2004.

Derivative Plaintiffs' amended complaint will plead the necessary particulars of demand

futility.[2]  *See generally Untermeyer v. Fidelity Daily Income Trust*, 580 F.2d 22 (1st Cir.

---

[1]   Defendants request a general stay of all discovery under the Federal Rules of Civil
Procedure but only cite cases for the much narrower proposition that there shall be no pre-
complaint discovery regarding demand futility.  Many of Derivative Plaintiffs' document
requests are not even remotely related to pleading demand futility.  *See* Defendants'
Memorandum of Law in Support of Their Motion for Entry of a Protective Order to Stay
Discovery Pursuant to Fed. R. Civ. P. 26(C) ("Defs. Mem."), Ex. B, Request Nos. 7-16.
"The Supreme Court has long recognized that the Federal Rules of Civil Procedure are to
be construed liberally in favor of discovery." *Ameristar Jet Charter, Inc. v. Signal
Composites, Inc.*, 244 F.3d 189, 192 (1st Cir. 2001).  Despite the fact that federal law
governs the procedural aspects of this action, Defendants look to Delaware cases applying
Delaware procedural law.  Some of Defendants' Delaware cited cases, however, actually
stand for the opposite proposition - that corporate books and records discovery is allowed
and may be useful in pleading demand futility. Defs. Mem. at 4.  *See, e.g., Beam ex rel.
Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1056 (Del. 2004)
(noting that 8 Del. C. §220 allowing access to a corporations books and records is available
as a potential source of discovery of directors' interestedness to assist in pleading demand
futility); *see also Scattered Corp. v. Chicago Stock Exch., Inc.*, 701 A.2d 70, 78 (Del.
1997), *overruled on other grounds sub nom. Brehm v. Eisner*, 746 A.2d 244 (Del. 2000)
(use of an inspection demand pursuant to 8 Del. C. §220 to inspect minutes, reports and
other books and records is permissible). Defs. Mem., Ex. B, Request Nos. 5-6.

[2]   Defendants cite *Lewis v. Hilton*, 648 F. Supp. 725 (N.D. Ill. 1986) (applying Delaware
law), for the proposition that this Court must stay discovery pending resolution of a 23.1
motion. Defs. Mem. at 5 n.3.  In *Lewis*, however, the operative complaint was filed and
defendants' motion to dismiss based on failure to particularly allege demand futility was

1978) (discussing standard for pleading demand futility). Therefore, the filing of the amended complaint will moot Defendants' request to stay all discovery.[3] *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."). *See, e.g., Mrs. M v. Bridgeport Bd. of Educ.*, 96 F. Supp. 2d 124 (D. Conn. 2000) (order granting leave to amend complaint denied motion for protective order and stay of discovery as moot); *In re Lifecore Biomedical, Inc. Sec. Litig.*, 159 F.R.D. 513 (D. Minn. 1993) (same); *McCusker v. Lakeview Rehab. Ctr., Inc.*, No. 03-243-JD, 2003 WL 22143245 (D. N.H. Sept. 17, 2003) (pending filing of amended complaint defendants' motion to dismiss is moot). Therefore, Derivative Plaintiffs oppose Defendants' motion and request that it be dismissed as moot.

## II.    The PSLRA's Stay of Discovery Does Not Apply to This Derivative Action

Defendants request that the stay of discovery provision of the PSLRA be applied to this action. However, the PSLRA does not apply to derivative litigation.

### A.    The Explicit Language of the PSLRA Only Includes Actions Brought Under the Federal Securities Laws

The PSLRA provides for a stay of discovery during the pendency of a motion to dismiss only in actions brought under the federal securities laws:

---

before the *Lewis* court as well as plaintiff's request for discovery. *Lewis*, 648 F. Supp. at 726. The *Lewis* court denied discovery because the plaintiff could not plead facts that would raise a reasonable doubt about the business judgment presumption's validity. *Id.* at 728 n.1. Unlike *Lewis,* Derivative Plaintiffs do not request discovery in conjunction with a motion to dismiss. Moreover, Derivative Plaintiffs' amended complaint, once filed, will allege sufficient particularity for demand futility. Thus, Defendants' concerns are moot.

[3] Defendants' responses to Derivative Plaintiffs' discovery requests are due the day of the filing of Derivative Plaintiffs' amended complaint on October 21, 2004.

> *In any private action arising under this chapter*, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. §78u-4(b)(3)(B) (emphasis added). Clearly, under this statute there is an automatic stay of discovery in federal securities law class actions *only*. Since "'the words of the statute are the first guide to any interpretation of the meaning of the statute,'" *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 104 (D. Mass. 2002) (quoting *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 192 (1st Cir. 1999) (construing the PSLRA)), it is clear that the stay of discovery only applies to litigation brought "under this chapter," *i.e.*, the 1934 Act. As the Derivative Action arises under common law and will assert claims for breach of fiduciary duty, gross mismanagement and corporate waste, it is not subject to the PSLRA.[4]

**B.    The Purpose for the PSLRA's Discovery Stay Is Inapplicable to the Derivative Action**

Defendants allege that a stay of discovery in this Derivative Action pending resolution of Defendants' motion to dismiss will effectuate the purpose and intent of the PSLRA. Defs. Mem. at 6. While the explicit language of the PSLRA should end the inquiry, an analysis of the intent behind the stay actually militates against its application to the Derivative Action. The legislative history of the PSLRA shows that Congress enacted the discovery stay to minimize the incentives for plaintiffs to file frivolous securities fraud

---

[4]  The PSLRA, which was adopted in 1995, could have included derivative actions brought in federal court under diversity jurisdiction in the stay provision, but did not do so. Defendants cite a handful of cases, Defs. Mem. at 7 n.4, which provide that the PSLRA may stay not only securities law claims but common law state claims. In all of Defendants' cited cases, however, plaintiffs brought federal and state claims in conjunction, thereby increasing the likelihood of circumventing the PSLRA discovery stay. Here, Derivative Plaintiffs only allege violations of state common law.

class actions in the hope that corporate defendants would settle those actions rather than bear the cost of discovery, *see* H.R. Conf. Rep., No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 735, and to discourage plaintiffs from using discovery to find a sustainable fraud claim not already alleged in the complaint. *See* U.S. Rep., No.1 04-98, at 14 (1995), 1995 U.S.C.C.A.N. 679, 693. *Lernout*, 214 F. Supp. 2d at 106. Neither of these concerns is relevant here. The SEC has instituted a formal investigation of Wave Systems. *See* Exhibit A attached hereto. Based upon the SEC formal investigation, the Derivative Action here cannot be characterized as a "strike suit" designed to coerce a quick settlement. Therefore, the concerns that prompted the drafters of the PSLRA to postpone discovery until a securities fraud class action complaint has been sustained do not apply to this case of massive corporate waste while the Board either knew or looked the other way.[5]

### C.    Derivative Plaintiffs Have a Legitimate Interest in Discovery for an Expeditious Resolution of Their Claims

The Class Action asserts fraud claims by defrauded investors seeking monetary damages from certain officers and directors of Wave Systems who made material

---

[5] Moreover, Defendants discuss the provision enacted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") which was added solely to prevent the circumvention of the PSLRA discovery stay. Defs. Mem. at 6-7. Defendants allege that "if this action were maintained in state court, the PSLRA stay on discovery, applicable to state courts through SLUSA, would apply." Defs. Mem. at 8. In support of such argument, Defendants cite *In re DPL Inc., Sec. Litig.*, 247 F. Supp. 2d 946 (S.D. Ohio 2003); however, the *DPL* court granted a stay as the facts presented a clear indication that the PSLRA would be circumvented because plaintiff's counsel in the state action also represented some plaintiffs in the federal action and stated that he anticipated sharing discovery with other counsel in the federal action. *Id.* at 950. *See also Newby v. Enron Corp.*, No. H-01-3624, 2002 WL 1001056, at *3 (S.D. Tex. May 1, 2002) (holding that a stay was necessary as there existed a serious threat for abuse because one law firm filed seven different suits in both federal and state courts alleging the same facts and claims). Unlike *DPL* and *Newby*, Defendants have not presented any facts, because there are none, which evidence circumvention or abuse of the PSLRA. In fact, SLUSA does not control in an exclusively derivative action. *Arlia ex rel. Massey Energy Co. v. Blankenship*, 234 F. Supp. 2d 606, 612 (S.D. W. Va. 2002).

misrepresentations or omissions to the public. In sharp contrast, the derivative claims will

assert breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate

assets and unjust enrichment asserted on behalf of Wave Systems to seek recovery from

Wave Systems' Board, who permitted the looting to occur. It is clear that the elements of

the causes of action asserted in the Class Action are distinct from those in the Derivative

Action and the viability of one action does not depend in any way on the viability of the

other. The Derivative Action could have been asserted independently in state court. There

is no basis for characterizing the Derivative Action and the Class Action as one action,

subject to the same requirements and procedures. Derivative Plaintiffs have a legitimate

interest in discovery for their separate state law claims. As stated by Chief Judge

Barbadoro in the *Tyco* litigation:

> *The ERISA and Derivative Actions were filed as separate lawsuits by*
> *different counsel on behalf of different plaintiffs*. The claims asserted in
> those actions are not frivolous and defendants do not claim that plaintiffs'
> counsel are working together to thwart the stay provision. *Absent evidence of*
> *collusion, I will not stay discovery in the ERISA and Derivative Actions*
> *merely because they have been consolidated with the Securities Actions for*
> *pretrial purposes*.
>
> *I am also unpersuaded by defendants' contention that a stay is*
> *warranted because the plaintiffs in the Securities Actions will derive an*
> *indirect benefit from the fact that I am allowing limited discovery in the*
> *ERISA and Derivative Actions*. I recognize that if plaintiffs in the ERISA
> and Derivative Actions uncover new evidence of wrongdoing by the
> defendants, they are likely to amend their complaints and thereby provide the
> plaintiffs in the Securities Actions with information that may be useful in
> drafting their own amended complaint. I fail to see, however, how such a
> result will encourage plaintiffs in future cases to file frivolous securities
> claims. *In any event, any interest that the defendants have in delaying*
> *discovery does not override the legitimate interest that the plaintiffs in the*
> *ERISA and Derivate Actions have in obtaining an expeditious resolution of*
> *their claims*.

*In re Tyco Int'l, Ltd. Multidistrict Litig.*, MDL No. 02-1335-B, 2003 WL 23830479, *3 (D. N.H. Jan. 29, 2003) (emphasis added). Many courts have denied requests to use the PSLRA to stay discovery in non-securities litigation:

> *[T]he automatic stay mandated by the PSLRA cannot prohibit discovery on non-fraud common law claims arising under the Court's diversity jurisdiction*. To hold otherwise would give the PSLRA too broad a brush, sweeping into its purview all related but distinct state law claims brought under diversity jurisdiction. Discovery relating to plaintiff's non-fraud state law claims shall proceed forthwith.

*Tobias Holdings, Inc. v. Bank United Corp.*, 177 F. Supp. 2d 162, 169 (S.D.N.Y. 2001) (emphasis added). "[P]ermitting discovery to proceed here would not represent an impermissible 'end run' around the PSLRA's automatic stay provisions." *Id.* at 167. *See also FirstEnergy S'holder Derivative Litig.*, 219 F.R.D. 584, 586 (N.D. Ohio 2004)(holding that the stay of discovery mandated by the PSLRA is wholly inapplicable to a shareholder derivative action and denying plaintiff's request to enter a protective order staying discovery). The *First Energy* ruling is even more convincing as the judge who denied the stay in the shareholder derivative action was also concurrently presiding over the parallel securities class action. Compare *In re First Energy Corp. Sec. Litig.*, No. 03-CV-1684, slip op. (N.D. Ohio Jan. 26, 2004), attached as Exhibit B hereto, with *FirstEnergy*, 219 F.R.D. at 586. *See also In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251 (D. Md. 2004) ("[T]he ERISA plaintiffs included in this very litigation are prepared to proceed with discovery, and there is no indication that Congress intended to extend the discovery stay to them."); *Fazio v. Lehman Bros., Inc.*, No. 1:02CV157, 2002 WL 32121836 (N.D. Ohio May 16, 2002); *Lapicola v. Alternative Dual Fuels, Inc.*, No. 3-02-CV-0299-G, 2002 WL 531545, *1 (N.D. Tex. Apr. 5, 2002); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002) (noting ERISA plaintiffs would be receiving discovery

notwithstanding the PSLRA stay); *In re Transcript Int'l Sec. Litig.*, 57 F. Supp. 2d 836,

848 (D. Neb. 1999) ("Even if it were addressed by the statute, the movants have not

demonstrated that this court should exercise the extraordinary power of staying discovery

in the pending related state court action.").[6]

Therefore, Derivative Plaintiffs oppose Defendants' motion to apply the PSLRA to

this Derivative Action and request that it be denied.[7]

### III.    Defendants' Fail to Recognize that the Court Has Power to Manage Discovery

At the September 1, 2004 status conference, Derivative Plaintiffs informed

Defendants they would make discovery requests and Defendants indicated they would

move for a protective order. Derivative Plaintiffs served the Defendants with discovery

requests on September 21, 2004. *See* Defs. Mem., Exs. A and B. Now Defendants assert

that Derivative Plaintiffs are barred from discovery because the parties have not provided

---

[6]    At a minimum, the Derivative Plaintiffs should be permitted to obtain documents already produced to the SEC pursuant to its formal investigation of Wave Systems. *See, e.g., WorldCom*, 234 F. Supp. 2d 301 (motion for partial lifting of automatic stay granted to allow discovery of documents provided to Department of Justice and SEC); *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. MDL 1446, 2002 WL 31845114 (S.D. Tex. Aug. 16, 2002) (granting order for limited production of documents and materials produced in response to inquiries and investigations by governmental bodies because the burden would be so slight to defendant in that the documents had already been found, reviewed and organized).

[7]    Despite the cases discussed above which allow discovery irrespective of the PSLRA discovery stay, Defendants cite *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003), for the proposition that the PSLRA bars discovery in this matter. Defendants, however, fail to discuss the fact that the *AOL* court allowed discovery to continue as it pertained to ERISA-specific documents. *Id.* at *3. Just as the *AOL* court allowed ERISA based discovery to proceed, this Court should allow derivative discovery to proceed pursuant to Derivative Plaintiffs' common law claims. As discussed above, the purpose of the PSLRA would not be undermined, even if this Court were to hold it applicable to this Derivative Action.

automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A).[8]  "This argument is spurious. A complaint that the other party has not fully complied with the automatic disclosure provisions is not a ground for a unilateral decision not to respond to the other party's discovery requests." *Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3, 4 (D. Mass. 1996).   Moreover, Defendants fail to recognize that the Federal Rules of Civil Procedure do not eliminate the Court's discretion to manage discovery on a case-by-case basis.  "The advisory committee has made clear that a 'court may eliminate or modify the disclosure requirements in a particular case.'"  *See In re Lotus Dev. Corp. Sec. Litig.*, 875 F. Supp. 48, 50 (D. Mass. 1995).  *Accord United States v. Little*, 176 F.R.D. 420, 422 (D. Mass. 1997) ("pursuant to Local Rule 26.2 ... a judge may alter or waive a party's obligation to provide automatic disclosure").  A trial judge has broad powers "designed affirmatively and specifically to allow the judge to control the pretrial phases of complex litigation" to takes steps that "meet the idiosyncratic needs of any pending piece of litigation." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1011-12 (1st Cir. 1988).  Thus, this Court should exercise its broad discretion and deny Defendants' motion.

---

[8]  Defendants argue that discovery is "premature" as the "parties have not held a conference pursuant to [Federal] Rule 26(f)" and have not made "any initial disclosures" pursuant to Local Rule 26.2(A). Defs. Mem. at 10.  First, the Derivative Plaintiffs requested a Rule 26(f) conference which Defendants refused to agree to based on alleged prematurity. Second, it is telling that Defendants are not making a motion to compel automatic disclosures since they have no interest in producing any discovery to Derivative Plaintiffs. Any suggestion by Defendants that there should be a stay of all discovery because the parties have neither made automatic disclosures, nor held a pre-discovery conference makes absolutely no logical sense.

## CONCLUSION

For the reasons set forth herein, the Derivative Plaintiffs respectfully request that the Court deny Defendants' motion for protective order pursuant to the PSLRA and deny Defendants' motion for protective order pursuant to Fed. R. Civ. P. 23.1 as moot.

Dated: October 21st, 2004

Respectfully submitted,

By: _____
KEITH A. MINOFF
ROBINSON DONOVAN, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
Telephone: 413/732-2301
Facsimile: 413/785-4658

Liaison Counsel for Derivative Plaintiffs

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
1010 Second Ave., Suite 2360
San Diego, CA 92101
Telephone: 619/525-3990
Facsimile: 619/525-3991

FEDERMAN & SHERWOOD
WILLIAM FEDERMAN
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
Telephone: 405/235-1560
Facsimile: 405/239-2112

LAW OFFICES OF ALFRED G. YATES JR PC
ALFRED G. YATES JR
GERALD L. RUTLEDGE
519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
Telephone: 412/391-5164
Facsimile: 412/471-1033

Co-Lead Counsel for Derivative Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: _10/21/04_ _____

10