UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVE SACHS, JEFF SWANSON, AND CHARLENE HARVEY,<br>    Plaintiffs<br><br>vs.<br><br>STEVEN SPRAGUE, GERARD K. FEENEY, JOHN E. BAGALAY, NOLAN BUSHNELL, GEORGE GILDER AND JOHN E. McCONNAUGHY, JR.<br>    Defendants<br><br>and<br><br>WAVE SYSTEMS CORP.<br>    Nominal Defendant | Civil Action No. 04-30032-MAP |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION FOR ENTRY OF A PROTECTIVE ORDER
TO STAY DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C)**

Defendants Messrs. Sprague, Feeney, Bagalay, Bushnell, Gilder and McConnaughy and nominal defendant Wave Systems Corp. ("Defendants") hereby respectfully submit this Reply Memorandum of Law in Further Support of Their Motion for Entry of a Protective Order to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c).

**Preliminary Statement**

The Plaintiffs' *untimely*[1] opposition ("Opposition") to Wave's motion for a protective order provides no grounds for permitting the Plaintiffs' to obtain discovery in this derivative action before a ruling on the Defendants' anticipated motion to dismiss. Aside from failing to provide a single colorable reason as to why discovery is needed at this unusual and premature juncture, the Opposition is entirely unavailing for at least three reasons:

- First, this Court cannot simply accept the Plaintiffs' word that, as a matter of law, the to-be-filed amended complaint will sufficiently plead demand futility so as to moot Defendants' to-be-filed motion to dismiss, which operates under controlling Delaware and First Circuit law as a bar on discovery. This specious argument would have the Court decide Defendants' motion to dismiss the complaint in Plaintiffs' favor before either the complaint or motion is even filed.

- Second, the Plaintiffs' straw man argument that the PSLRA does not apply here in no way detracts from what the Defendants *actually* argue -- that, *pursuant to Rule 26*, this Court ought to prevent needless expense and harassment, in conformity with Congress' stated intent to curb abusive securities litigation discovery tactics in follow-on derivative cases such as this. The Plaintiffs' PSLRA-related arguments should not distract from their inability to address the Defendants' Rule 26 basis for granting a protective order.

- Third, while the Defendants do not dispute (and in fact have argued) that this Court has power to control discovery, the Plaintiffs offer *no justification* for their failure to seek the Court's permission to waive the requirements of Local Rule 26.2(A) and Federal Rule 26 before serving discovery. Plaintiffs' attempt to characterize the Defendants' position as "spurious" is based on a misstatement of this Court's decision, which actually blesses the Defendants' procedural means of resisting Plaintiffs' premature discovery.

---

[1] Local Rule 7.1(B)(2) requires that an opposition to a motion must be filed within fourteen days after service of the motion, and the "fourteen day period is intended to include the period specified by the civil rules for mailing time and provide for a uniform period regardless of the use of the mails." The Defendants' motion for protective order was served on October 5, 2004, requiring that the Plaintiffs' Opposition be filed on October 19, 2004. *The Opposition, however, was filed two days late on October 21.* Defendants' motion should be granted on that ground alone.

1

## REPLY

I. **THIS COURT CANNOT SIMPLY TAKE PLAINTIFFS' WORD THAT THE AMENDED COMPLAINT WILL PLEAD DEMAND FUTILITY -- UNTIL THE MOTION TO DISMISS IS DECIDED, DISCOVERY IS BARRED**

The Plaintiffs argue -- incredibly -- that the bar imposed on discovery against derivative plaintiffs by controlling First Circuit and Delaware law prior to a resolution of a motion to dismiss, somehow does not apply here because "the Derivative Plaintiffs' [to-be-filed] amended complaint will plead the necessary particulars of demand futility." Opp. at 2. "Therefore," say the Plaintiffs, "the filing of the amended complaint will moot Defendants' request to stay all discovery." *Id.* at 3. The Plaintiffs fail to cite a single case in support of this novel proposition, because, of course, there is none.[2]

To the contrary, the First Circuit "vigorously enforces" Rule 23.1's pre-suit demand requisites, requiring dismissal when futility is not plead with particularity *in the complaint*. Def's Br. at 3-4. *Discovery is not allowed to enter this analysis*: "[t]he stockholder may not plead in general terms, hoping that, *by discovery or otherwise*, he can later establish a case." *Gonzales Turul v. Rogatol Distrib., Inc.*, 951 F.2d 1, 3 (1st Cir. 1991) (citing *In re Kaufmann Mut. Fund Actions*, 479 F.2d 257, 263 (1st Cir. 1973)). To allow Plaintiffs discovery at this juncture, based on the Plaintiffs' mere assurance that "futility will adequately be pled," or Plaintiffs' representation that the discovery is not sought to bolster the allegations of the complaint, would entirely defeat "[t]he purpose of the demand requirement . . . to require resort to the body legally charged with conduct of the company's affairs before licensing suit in the company's name by persons not so charged." *Heit v. Baird*, 567 F.2d 1157, 1162 n.6 (1st Cir. 1977). The Plaintiffs offer no explanation as to how their mere assertion that the amended complaint will adequately plead futility can overcome the First Circuit's stringent Rule 23.1

---

[2] None of the cases cited by the Plaintiffs (Opp. at 3) bear even tangential relevance to the issue here. *See Powell v. McCormack,* 395 U.S. 486 (U.S. 1969) (action for declaratory and other relief based on claimed unconstitutionality of resolution excluding member-elect from seat in House of Representatives); *Mrs. M v. Bridgeport Bd. of Educ.*, 96 F. Supp. 2d 124 (D. Conn. 2000) (Individuals with Disabilities Education Act case alleging pattern and practice of illegally over-identifying minority school children as mentally retarded); *In re Lifecore Biomedical, Inc. Securities Litigation*, 159 F.R.D. 513 (D. Minn. 1993) (securities fraud case dismissing complaint because shareholders had not pled fraud with sufficient particularity); *McCusker v. Lakeview Rehabilitation Center, Inc.*, 2003 WL 22143245 (D.N.H. Sept 17, 2003) (Americans with Disabilities Act case).

jurisprudence, and *cite no case that supports their position*. Indeed, *the Plaintiffs fail to cite any case permitting a derivative plaintiff to engage in discovery where defendants have raised the Rule 23.1 issues as are raised in Defendants' motion here*.[3]

In a footnote, the Plaintiffs also attempt to argue that Delaware law regarding demand futility (and barring discovery in this context) is inapplicable as it is purportedly "procedural." Opp. at 2, n.1. The First Circuit and the Supreme Court disagree. Rule 23.1 "is not a technical rule of pleading, but one of substantive right," *In re Kaufmann Mut. Fund Actions*, 479 F.2d 257, 263 (1st Cir. 1973). Accordingly, "[a federal court sitting in diversity] must apply the demand futility exception as it is defined by the law of the State of incorporation." *Kamen v. Kemper Fin. Servs, Inc.*, 500 U.S. 90, 96-97, 108-09 (1991). Indeed, "the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation clearly is *a matter of 'substance,' not 'procedure.'*" *Id.* (emphasis added) (cited at note 2 of Defendants' brief).[4]

Nonetheless, the Plaintiffs proceed to argue that, under Delaware law, "corporate books and records *discovery* is allowed and may be useful in pleading demand futility." Opp. at 2, n.1 (emphasis added). The Plaintiffs' assertion is, at best, seriously confused. *No Delaware case* holds that "corporate books and records" are, as a matter of course, available through "discovery" in assisting with pleading demand futility. Rather, corporate books and records are available to shareholders pursuant to Delaware statute, *prior to* instituting suit. *See* Del. Code

---

[3] Indeed, the *only* cases cited by Plaintiffs allowing discovery in a derivative case in *any* context have no relation to the issues presented by Defendants' motion. Neither *In re Tyco Intern., Ltd. Multidistrict Litigation*, MDL NO. 02-1335-B 2003 WL 23830479 (D.N.H. Jan. 29, 2003) nor *In re FirstEnergy Shareholder Derivative Litigation*, No. 5:03-CV-1826 219 F.R.D. 584 (N.D. Ohio Jan. 26, 2004) involved or addressed whether derivative plaintiffs can obtain discovery before passing the hurdle of a motion to dismiss based on Rule 23.1. Rather, those cases were litigated solely under the stay of the PSLRA, the applicability of which Defendants do not even argue here.

[4] In any event, the Plaintiffs ignore that the *Delaware courts rely on the First Circuit in holding that discovery is not available until after adjudication of demand futility*. *See Stotland v. GAF Corp.*, No. 6876, 1983 WL 21371, at * 7 (Del. Ch. Sept. 1, 1983) (granting motion to stay discovery pending a motion to dismiss in reliance upon *In Re Kauffman Mut. Fund Actions*, 479 F.2d 257 (1st Cir. 1973). Accordingly, even if the Plaintiffs were correct in their disagreement with the First Circuit and Supreme Court regarding the "substantive" nature of Rule 23.1 jurisprudence -- and they are not -- the coextensive principles between the First Circuit and Delaware render Delaware case law fully applicable to this motion.

3

Ann. tit. 8, § 220 (Supp. 2003) (providing that stockholders have the right to inspect a corporation's books and records for "any proper purpose").  Far from supporting the Plaintiffs' contention, the Delaware cases cited in the Opposition *admonish* plaintiffs for failing to avail themselves of utilizing this statutory option to gather information(as the Plaintiffs have failed to do here), dooming their complaints for dismissal and wasting the litigants' and the judiciary's resources:

> *In general, derivative plaintiffs are not entitled to discovery in order to demonstrate demand futility.*  The general unavailability of discovery to assist plaintiffs with pleading demand futility does not leave plaintiffs without means of gathering information to support their allegations of demand futility, however. *Both this Court and the Court of Chancery have continually advised plaintiffs who seek to plead facts establishing demand futility that the plaintiffs might successfully have used a Section 220 books and records inspection to uncover such facts.*
>
> Because Beam did not even attempt to use the fact-gathering tools available to her by seeking to review MSO's books and records in support of her demand futility claim, we cannot know if such an effort would have been fruitless, as Beam claimed on appeal. *Beam's failure to seek a books and records inspection that may have uncovered the facts necessary to support a reasonable doubt of independence has resulted in substantial cost to the parties and the judiciary.*

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1056-57 (Del. Supr. 2004) (emphasis added).

Here too the Plaintiffs have not bothered to employ the information gathering means available to them before rushing to file their complaint.  This Court should not permit the Plaintiffs to inflict discovery costs unto the Company upon whose behalf the Plaintiffs seek to litigate before the Plaintiffs have even established their standing to bring suit.

**II.   DEFENDANTS' MOTION FOR A PROTECTIVE ORDER IS MADE PURSUANT TO RULE 26 -- NOT THE PSLRA -- THOUGH CONGRESS' INTENT STATED THEREIN IS GOOD CAUSE FOR GRANTING THIS MOTION**

The Plaintiffs assert that the "Defendants request that the stay of discovery provision of the PSLRA be applied to this action," (Opp. at 3), and then proceed to devote five of their nine

page Opposition addressing this imaginary point. As the Defendants' argument expressly does not hinge on the applicability of the PSLRA (*see* Def. Br. at 8; "because the action is pending in federal court under diversity jurisdiction, it is arguably not within the express reach of the PSLRA's plain text"), most of the Plaintiffs' straw-man argument is wasted ink.[5]

With respect to what the Defendants do argue -- *i.e.* that pursuant to Rule 26 this Court should enter a protective order to prevent harassment and needless expense -- the Plaintiffs are virtually silent. In particular, the Defendants argued that the burden of the Plaintiffs' discovery is excessive (as the complaint may be dismissed and even if not the same discovery will again be requested in the Securities Action) and the Plaintiffs will suffer no prejudice by allowing discovery after the disposition of preliminary dispositive motions. Defs'. Br. at 8-9. The Plaintiffs offer virtually nothing in rebuttal, aside from the bald assertion that "derivative plaintiffs have a legitimate interest in discovery for an expeditious resolution of their claims." Opp. at 5. Absent from the Opposition is any hint at what that "legitimate interest" may be, or why it cannot be satisfied by discovery after a motion to dismiss is decided, in the ordinary and usual course of litigation.

The Plaintiffs do argue that the securities and derivative complaints state different causes of action, (Opp. at 5-6), drawing the conclusion that they therefore must have a "legitimate interest in discovery for their separate state law claims." Opp. at 6. The Plaintiffs miss the point. While the securities and derivative *causes of action may be distinct, the underlying allegations of wrongdoing are the same.* Accordingly, the discovery will largely be the same. Preventing duplicative discovery is a legitimate basis for issuing a protective order, and the Plaintiffs make

---

[5] To the extent the PSLRA does apply, it is notable that the Plaintiffs do not offer a single argument as to why the PSLRA's stay should be lifted. Per the PSLRA, the stay on discovery may only be lifted if the "court finds upon the motion of any party that particularized discovery is *necessary to preserve evidence or to prevent undue prejudice to that party.*" 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Plaintiffs make no such argument.

no argument to the contrary. *See In re AOL Time Warner, Inc. Sec. and "ERISA" Litig.*, 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003) (staying ERISA discovery because it would be duplicative of discovery in securities litigation).[6]

The Plaintiffs also attempt to stand the PSLRA on its head by arguing that "the stay [of discovery in the PSLRA] actually militates against its application in the Derivative Action." Opp. at 4. While admitting that the PSLRA was enacted to "discourage plaintiffs from using discovery to find a sustainable fraud claim not already alleged in the complaint," (Opp. at 5), the Plaintiffs argue that, because the SEC instituted an investigation of Wave, the "derivative action here cannot be characterized as a strike suit designed to coerce a quick settlement." *Id.* Plaintiffs' contention lacks merit. There are countless securities and related cases *dismissing* complaints for failure to state a claim that, as is the case here, were filed following the initiation of an SEC investigation. *E.g.*, *In re Interbank Funding Corp. Securities Litigation*, 329 F. Supp. 2d 84 (D.D.C. 2004); *In re Syncor Intern. Corp. Securities Litigation*, 327 F. Supp. 2d 1149 (C.D. Cal. 2004); *In re Nash Finch Co. Securities Litigation*, 323 F. Supp. 2d 956 (D. Minn. 2004); *In re Corrpro Securities Litigation*, No. 1:02 CV1198, 2003 WL 23138459 (N.D. Ohio May 7, 2003); *In re Keyspan Corp. Securities Litigation*, No. 01 CV 5852, 2003 WL 1702279 (E.D.N.Y. Mar. 21, 2003); *Geinko v. Padda*, NO. 00 C 5070, 2002 WL 276236 (N.D. Ill. Feb. 27, 2002); In *re Envoy Corp. Securities Litigation*, 133 F. Supp. 2d 647 (M.D. Tenn. 2001).

---

[6] Plaintiffs attempt to distinguish *AOL* in note 7, page 8, recognizing that there the court permitted ERISA-specific discovery. With all due respect, facts concerning an ERISA cause of action *i.e.* the plan documents, the prudence of investments, diversification of investments and the like, are sufficiently distinct from a securities cause of action to allow such limited discovery. The allegations in the Plaintiffs' derivative complaint here, however, cannot be readily separated from the alleged securities violations stated in the Securities Action that form the basis of the Derivative Complaint, and the Plaintiffs make no attempt to show otherwise.

### III. PLAINTIFFS' ATTEMPTED RELIANCE ON *TROPIX* AMOUNTS TO A GROSS DISTORTION OF THAT CASE WHICH IN FACT BLESSES DEFENDANTS' PROCEDURAL MEANS OF CHALLENGING PLAINTIFFS' DISCOVERY

The Plaintiffs respond to the Defendants arguments under Local Rule 26.2(A) (no discovery until party serving it has made initial disclosures pursuant to Rule 26(A)) by claiming that the Defendants' argument is "spurious" and "not a ground" for not responding, relying on *Tropix, Inc. v. Lyon & Lyon*, 169 F.R.D. 3 (D. Mass. 1996). Opp. at 9. The Plaintiffs' selective quotation of *Tropix* amounts to a gross distortion of that case.

In *Tropix*, this Court granted a motion to compel and ordered discovery sanctions where defendants failed to respond in any way to interrogatories and document requests. Notably, and in stark contrast to this case, the discovery at issue in *Tropix* had been served *after the plaintiffs served their initial disclosures as required by Local Rule 26.2(A)*. The defendants simply chose not to respond because they believed the disclosures were inadequate. Accordingly, in context, the Plaintiffs' selective quotation from *Tropix* (in italics below) stands for the unremarkable proposition that a party may not, based on its own determination that initial disclosures are inadequate, refuse to respond (*i.e.* ignore) discovery requests:

> The initial disclosures were made before the interrogatories and requests for production were served on August 20, 1996. However, defendants complain that these disclosures were incomplete, and, thus, since the plaintiff had not complied in full with Rule 26(a)(1), Fed. R. Civ. P., the defendants did not have to answer the interrogatories or respond to the document requests.
>
> *This argument is spurious. A complaint that the other party has not fully complied with the automatic disclosure provisions is not a ground for a unilateral decision not to respond to the other party's discovery requests.* At the very least, the party to whom the discovery has been directed must point out the perceived inadequacies of the automatic disclosures to the party making them in an attempt to have that party correct the deficiencies. . . . If the inadequacies were not able to be cured in a conference between counsel, the defendants should have brought a motion to compel before the Court seeking an order mandating full compliance and protection against having to answer the plaintiff's interrogatories and respond to the plaintiff's document requests until full compliance. What the defendants

7

> cannot do under the applicable rules is to voice no complaints about the automatic disclosure, refrain from answering the interrogatories and responding to the document requests, and then raise the inadequacy of the automatic disclosures for the first time in opposition to a motion to compel.

*Id.* at 4-5 (alteration added).

Indeed, the Court in *Tropix* instructed that the proper course of action for the defendants was to do exactly what Defendants have done here -- file for a protective order: "If the defendants thought that they were under no obligation to respond [for failure to satisfy Local Rule 26.2(A)], they should have filed a motion for a protective order." *Id.* at 4.[7]

The Plaintiffs, on the other hand, have attempted to modify the Local Rules in this case, without first obtaining an order of the Court as is required. Local Rule 26.2 provides that "[u]nless otherwise ordered," a party may not serve discovery before making initial disclosures. The Plaintiffs admit serving discovery prior to serving initial disclosures, but they have not sought an order of this Court prior to doing so. In short, the Plaintiffs' attempt to modify the Local Rules regarding discovery without first obtaining an order permitting them to do so is without merit. The discovery should be stayed.

---

[7] The Defendants also rely upon Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)") in their moving brief. The Plaintiffs contend that they requested a Rule 26(f) conference "which Defendants refused to agree to based on alleged prematurity." Opp. at 9, n.8. Not true. At the status conference, the Plaintiffs asked if the Defendants would agree to treat the parties discussion (and disagreement) about discovery, after the hearing concluded, as a Rule 26(f) conference. Counsel for the Defendants declined, based on a belief that the conversation could not qualify as a Rule 26(f) conference. Indeed, it cannot. *See* LR 16.1 setting forth the requirements for a 26(f) conference.

8

## Conclusion

For the foregoing reasons, the Defendants' Motion for Entry of a Protective Order to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c) should be granted.

Respectfully submitted,

**STEVEN SPRAGUE, GERALD T. FEENEY, JOHN E. BAGALAY, JR., NOLAN BUSHNELL, GEORGE GILDER, JOHN E. McCONNAUGHY, JR. AND NOMINAL DEFENDANT WAVE SYSTEMS CORP.**

By their attorneys,

/s/ Michael D. Blanchard
Robert A. Buhlman, BBO #554393
Eunice E. Lee, BBO #639856
Michael D. Blanchard, BBO#636860
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: October 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served electronically and via mail upon the attorney of record for each party on October 29, 2004.

/s/ Michael D. Blanchard
Michael D. Blanchard