UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVE SACHS, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) NO. 04-30032-MAP |
| v. | ) |
| STEVEN SPRAGUE, ET AL, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' *ASSENTED-TO*
MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY**

**I.   INTRODUCTION**

On August 30, 2005, defendants, with plaintiffs' consent, submitted supplemental authority in support of their motion to dismiss plaintiffs' Verified Consolidated Amended Shareholder Derivative Complaint (the "Complaint") pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.  Specifically, defendants contend that *Caviness v. Evans*, No. 04-12524-JLT, 2005 WL 1995389 (D. Mass. Aug. 18, 2005) (Tauro, J.), a recent decision in the United States District Court for the District of Massachusetts, "dispenses with the allegations the Wave Plaintiffs make in an attempt to excuse demand."  *See* Defendants' *Assented-To* Motion for Leave to Cite Supplemental Authority ("Defs.' Motion") at 1.  In *Caviness*, the plaintiff, Gary Caviness ("Caviness"), brought a shareholder derivative action on behalf of Aspen Technology, Inc.'s ("Aspen"), a company that develops and markets software and services to process industries, against Aspen's Board of Directors and certain executive officers for, in part, breach of fiduciary duties arising from the improper dissemination to the public of false and misleading financial statements and results.  *Caviness*, 2005 WL 1995389, at *1.  The Aspen defendants moved to dismiss Caviness' complaint for failing to allege particularized facts raising a reasonable doubt

1

that a majority of Aspen's eight-member Board of Directors lacked disinterest or independence, thereby making demand futile. *Id*. The *Caviness* court agreed with defendants and dismissed Caviness' complaint. *Id.* at *6.

As discussed below, plaintiffs' demand futility allegations in this action are far more particularized than those pled by Caviness, thereby demonstrating a reasonable doubt as to the disinterestedness and independence of a majority of Wave Systems Corp.'s ("Wave") five-member Board of Directors (the "Board"). Thus, contrary to defendants' contention, *Caviness* does not "dispense" with plaintiffs' demand futility allegations. Accordingly, defendants' reliance on *Caviness* is misplaced.

## II. PLAINTIFFS' DEMAND FUTILTY ALLEGATIONS ARE MORE PARTICULAR THAN THOSE IN *CAVINESS*

### A. Plaintiffs Sufficiently Allege Defendants Sprague and Bushnell's Interestedness Arising from Their Insider Sales

In the instant matter, plaintiffs allege that demand is futile as to defendants Steven Sprague ("Sprague"), Wave's Chief Executive Officer ("CEO"), director and former Chief Operating Officer and Nolan Bushnell ("Bushnell"), a director of Wave, because these defendants engaged in illegal insider selling and thus, are interested. ¶¶21, 24, 70-71, 94(a)(i)-(ii), 94(g).[1] *See also* Response and Objection to Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Response") at 3-5, 7, 9-10. Plaintiffs particularly allege the amount of shares of stock these defendants sold, ¶¶21, 24, 94(a)(i)-(ii); their roles in the company, ¶¶21, 24; the material adverse non public knowledge which came to their attention, ¶¶21, 24, 59-60, 67, 98; the timing of these sales, ¶¶68, 70-72; and the percentage of their holdings that were sold, ¶¶70-72. *See* Response at 3, 5, 6, 9-10. Consequently, as further discussed in plaintiffs' Response, plaintiffs particularly

---

[1] All paragraph ("¶_") references to are to plaintiffs' Complaint.

pled facts sufficient to establish a reasonable doubt as to the disinterest of defendants Sprague and Bushnell.

In contrast, Caviness only alleged that defendant Lawrence B. Evans ("Evans"), who served as Chairman and CEO of Aspen, was interested because he sold 5,000 shares of his Aspen stock for $150,000. *Caviness*, 2005 WL 1995389, at *6. Unlike plaintiffs in this matter, Caviness did not allege the timing of these sales, percentage of holdings sold, or "'any particularized basis' that he [the defendant] knew of the accounting improprieties." *Id.* Moreover, Evans' sale occurred four years ***prior*** to the restatement of Aspen's financials. *Id*. Consequently, the *Caviness* court found that Caviness failed to show that Evans faced a substantial likelihood of liability. *Id*. Clearly, as more fully discussed in plaintiffs' Complaint and Response, plaintiffs' allegations of insider selling are far more particularized than those in *Caviness*.

> **B. Plaintiffs Have Sufficiently Alleged Defendants Bushnell, Gilder and Spragues' Lack of Independence Arising from Professional and Personal Entanglements**

Plaintiffs particularly pled facts establishing a reasonable doubt as to the lack of independence of defendants George Gilder ("Gilder"), John E. Bagalay ("Bagalay"), Bushnell and Sprague arising from a web of entanglements and longtime relationships with one another, as well as with Peter Sprague, defendant Sprague's father, the founder and former Chairman and CEO of Wave. ¶¶94(f)(i)-(ii), 94(g). *See also* Response at 3 n.2, 9 n.7, 11-20. Further, plaintiffs also allege that the Wave Board[2] is controlled and dominated by defendant Sprague and his father, Peter Sprague, because they own 65% of Wave's Class B common stock, giving them voting control over the company. ¶94(g).

---

[2] Plaintiffs also particularly alleged the Sprague family's domination of the Board as evidenced by the fact that the Board has permitted the Company, including its subsidiaries, to serve as the employer of the Sprague family. ¶94(g).

3

*See also* Response at 15. Additionally, plaintiffs argued that Gilder's reputation was at stake because of his continued backing and support of the Sprague Family and Wave throughout his newsletter. Consequently, as further discussed in plaintiffs' Response, plaintiffs particularly pled facts sufficient to raise a reasonable doubt as to the independence of defendants Bushnell, Gilder and Sprague.

Conversely, Caviness only alleged that defendants Michael Pehl ("Pehl") and Douglas A. Kingsley ("Kingsley") simultaneously served as a director and managing director, respectively, at Advent International Corporation since 2001 and thus, "lacked independence because they are long-term business associates and will not take action against one another." *Caviness*, 2005 WL 1995389, at *5. Caviness also generally alleged that Evans controlled Aspen's Board because he was a founder of Aspen, as well as the Chairman and CEO. *Id.* Not surprisingly, the *Caviness* court found that the plaintiff had only pled generalized allegations which were insufficient to show that either Pehl or Kingsley lacked independence and that the Aspen board was under Evans' control. *Id.* Clearly, as briefly demonstrated here and more fully discussed in plaintiffs' Complaint and Response, plaintiffs' allegations of personal and professional entanglements are far more particular than those in *Caviness*, and are not subject to a similar finding.

    **C.**    **Plaintiffs Sufficiently Alleged Defendants McConnaughy, Bagalay and Bushnell's Interestedness Arising from Their Service on Wave's Audit Committee**

Plaintiffs not only allege with particularity a lack of disinterestedness by Gilder and Bagalay because of their ties to Sprague, they also allege that defendants John E. McConnaughy ("McConnaughy"), Bagalay and Bushnell are interested because they

served on Wave's Audit Committee during the Relevant Period[3] while false and misleading statements were disseminated to the public concerning purported IBM and Intel deals with Wave, which caused Wave stock to be artificially inflated. ¶¶44, 55, 60-62, 64, 67, 75-76, 78-86, 94(d). *See also* Response at 3-5, 10 n.10. Defendants McConnaughy, Bagalay and Bushnell were entrusted, in part, with the duty to review the adequacy of Wave's internal controls but abdicated such duties. ¶94(d). Thus, plaintiffs allege that these defendants face a substantial likelihood of liability making demand upon them futile. *Id.*

In *Caviness*, unlike here, plaintiff's demand futility argument, and the majority of the *Caviness* court's memorandum, turned on Caviness' Audit Committee allegations. *Caviness*, 2005 WL 1995389, at *4-*5. Caviness alleged that three of Aspen's director defendants, Mark Fusco ("Fusco"), Gary E. Haroian ("Haroian") and Joan C. McArdle ("McArdle"), were interested because they served as members of Aspen's Audit Committee during the period that Aspen issued false and misleading financial statements. *Id*. at *4. As the *Caviness* court noted, Caviness simply inferred that these defendants would have had knowledge of the improper financial accounting because they were entrusted with certain duties and responsibilities concerning Aspen's financials, such as ensuring the integrity of the financial statements. *Id*. Unlike the facts in the current matter, however, defendants Fusco and Haroian only served on Aspen's Audit Committee in FY:04, despite the fact that the improper accounting spanned four years. *Id*. Here, plaintiffs particularly allege that defendants McConnaughy, Bagalay and Bushnell served as members of Wave's Audit Committee throughout the entire period of alleged wrongdoing. ¶94(d). Further, the *Caviness* court stated that plaintiff's conclusory

---

[3] "Relevant Period" is July 31, 2003 through present. ¶1.

5

allegations that defendant McArdle breached her fiduciary duties while serving on the Audit Committee from fiscal years 2000 through 2004 were insufficient. *Caviness*, 2005 WL 1995389, at *4. The *Caviness* court found that Caviness had not pled sufficient facts to demonstrate a breach of fiduciary duties. *Id.* Consequently, the *Caviness* court found that demand was not futile as to defendants Fusco, Haroian and McArdle.[4] *Id.* at *6.

     As more fully discussed in plaintiffs' Complaint and Response, plaintiffs' allegations pertaining to the members of the audit committee are more particular than those in *Caviness*. Unlike *Caviness,* plaintiffs here have shown that these defendants breached their fiduciary duties and thus face a substantial likelihood of liability, making demand upon them futile. Defendants disagree and additionally contend that Wave's Certificate of Incorporation "insulates directors from ordinary breaches of the duty of care," thus removing the substantial likelihood of liability. Defs.' Motion at 2. An exculpatory charter provision, however, is in the nature of an affirmative defense and is thus inappropriate to form the basis for dismissal of an action. *See In re Tower Air, Inc.*, 416 F.3d 229, 242 (3rd Cir. 2005). Moreover, taken in totality with plaintiffs' predominant demand futility allegations, *i.e.,* insider sales and entanglements and control, plaintiffs here have sufficiently alleged demand futility as to defendants Bushnell, McConnaughy and Bagalay.

---

[4] The *Caviness* court also stated that plaintiff failed to allege particularized facts in support of his *Caremark* argument pertaining to a failure of oversight because Caviness alleged that the Audit Committee actually met thirty-nine times during fiscal years 2000 through 2004 and there were no allegations of "clear notice" of impropriety. *Id.* at *5. Unlike *Caviness*, plaintiffs here have alleged sufficient facts to support a *Caremark* argument. ¶¶59-60, 94(d). *See also* Response at 9-10.

### III.    CONCLUSION[5]

As discussed herein and further evidenced in plaintiffs' Complaint and Response, *Caviness* is distinguishable from the present action.  Thus, defendants' reliance upon the *Caviness* decision is misplaced.

DATED: September 12, 2005            Respectfully submitted,

By:   **/s/Keith A. Minoff**
KEITH A. MINOFF
ROBINSON DONOVAN, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
Telephone: 413/732-2301
Facsimile: 413/785-4658

Liaison Counsel for Derivative Plaintiffs

ROBBINS UMEDA & FINK, LLP
JEFFREY P. FINK
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone:  619/525-3990
Facsimile: 619/525-3991

FEDERMAN & SHERWOOD
WILLIAM FEDERMAN
120 N. Robinson, Suite 2720
Oklahoma City, OK 73102
Telephone: 405/235-1560
Facsimile: 405/239-2112

LAW OFFICE OF ALFRED G. YATES JR PC
ALFRED G. YATES JR
GERALD L. RUTLEDGE
519 Allegheny Building
429 Forbes Avenue

---

[5] The *Caviness* court also found that Caviness' allegations that defendants were interested because "the directors ... are not covered by the Company's insurance in suits brought against them directly by the Company," *id.* at *5; that director defendants lacked independence because they were beholden to Aspen's compensation committee for director fees, *id.;* and that Evans lacked independence from the compensation committee because he received substantial monetary compensation, i*d*. at *6; were all insufficient to raise a reasonable doubt as to the Aspen Board's disinterest and independence.  In the current matter, plaintiffs have pled similar allegations.  Plaintiffs' allegations, however, are sufficiently particular, especially when reviewed in totality with all of plaintiffs' demand futility allegations.

Pittsburgh, PA 15219
Telephone: 412/391-5164
Facsimile: 412/471-1033

Co-Lead Counsel for Derivative Plaintiffs

G:\Cases\Wave Systems\Motions - Opps\MTD\Resp. Motion for Leave for Supp. Authority.doc